UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHERMARRIE RIVERS,

Plaintiff,

v.

BRAD HARDIE,

Defendant.

Case No. 1:26-cv-04720-KES-FJS

ORDER TO SHOW CAUSE WHY DOCUMENTS SHOULD NOT BE STRICKEN FROM THE DOCKET

(ECF Nos. 4, 5, 8, 9, 10, 13, 14, 15, 16, 17)

<u>FOURTEEN (14) DAY DEADLINE</u>

Plaintiff Shermarrie Rivers ("Plaintiff"), proceeding *pro se*, filed this action on June 22, 2026, seeking damages pursuant to breach of a residential lease. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted by the court. (ECF Nos. 2, 11, 12.) Since filing this action, Plaintiff has filed ten filings that are not titled, that seek no direction from the court, and Plaintiff has not indicated for what purpose the documents are filed. (*See* ECF Nos. 4, 5, 8, 9, 10, 13, 14, 15, 16, 17.)

Although the court may construe one of these filings as a first amended complaint as a matter of course, any additional amendments fall under Fed. R. Civ. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's

leave." If it is Plaintiff's intent to supplement her complaint or to amend her complaint, failure to seek leave of court prior to filing the first additional document construed as an amendment makes those filings improper. Accordingly, Plaintiff is ordered to show cause in writing within fourteen (14) days of the date of this order whether or not ECF No. 10 should be construed as Plaintiff's first amended complaint and why the other recently filed documents (ECF Nos. 4, 5, 8, 9, 13, 14, 15, 16, 17) should not be stricken from the docket.

Plaintiff is instructed that should she desire to amend her complaint in the future, after amending her complaint once as a matter of course, she must first file a motion seeking leave from the court to do so. Plaintiff must also attach any proposed amended complaint as an exhibit to the motion in accordance with the Rules, along with any proposed exhibits to the proposed amended complaint.

The court could construe Plaintiff's filings liberally because she is a *pro se* litigant. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court raises as a concern that since the complaint was filed on June 22, 2026, Plaintiff has filed several untitled documents that seem excessive for a case of this type. Excessive filing for no purpose will not to be tolerated in this already overly burdened court.

To conserve judicial resources, judges in other districts have made similar rulings regarding excessive filings. *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F. Supp. 276 (S.D. Tex. 1995) (holding that the court is authorized to enjoin further filings without leave of court when necessary to deter vexatious filings that are flagrant abuse of judicial process); *see Bourbeau v. Franzen*, No. 97 C 4601, 1998 WL 565042, at *1–2 (N.D. Ill. Aug. 31, 1998) ("Plaintiff is a prolific writer. He has filed an inordinate amount of correspondence related to his pleadings and legal claims. Although, as a pro se litigant, the court reads his pleadings liberally, nevertheless the court will not consider the voluminous correspondence to the court that is not construed as pleadings. Plaintiff is advised, therefore, that such inundation of correspondence and affidavits and other miscellaneous documents will not be reviewed by the court in the future. He should, therefore, limit his filings to actual pleadings."); *see also Sweigert v. Goodman*, No. 18-CV-8653 (VEC), 2022 WL 168080, at *10 (S.D.N.Y. Jan. 19, 2022) (the parties were instructed

to "refrain from filing excessively, from repeatedly amending their filings, and from filing responses to [c]ourt orders and the opposing party in a piecemeal fashion."). Thus, the court cautions the *pro se* Plaintiff here that filing an inundation of correspondence and other miscellaneous documents will not advance Plaintiff's cause. Rather, she should limit her filings to actual pleadings and appropriate motions. Because Plaintiff is proceeding *in forma pauperis*, Plaintiff's complaint will be screened in due course. Other than responding to this order to show cause, Plaintiff need take no further action or make any other filings until her complaint is screened.

Accordingly, IT IS ORDERED that Plaintiff show cause in writing within fourteen (14) days of the date of this order whether ECF No. 10 should be construed as Plaintiff's first amended complaint and why the other recently filed documents (ECF Nos. 4, 5, 8, 9, 13, 14, 15, 16, 17) should not be stricken from the docket. Plaintiff's response is limited to three pages, double spaced, including any attachments or exhibits.

IT IS SO ORDERED.

Dated: **August 25, 2026**

UNITED STATES MAGISTRATE JUDGE